ROBERT JOHANSON, RESPONDENT, v. CHARLES IHLE, AP-
PELLANT.

Submitted July 9, 1917—Decided November 19, 1917.

1. In a suit upon certain promissory notes by a "holder in due
course," the defence was that certain new notes and cash were
given and accepted in satisfaction of the notes sued upon, and
there was testimony adduced at the trial, both in support of and
against this contention. *Held*, that the question of fact thus
raised was rightfully submitted to the jury for their determina-
tion.

2. Where a defendant took a rule to show cause why a verdict
against him should not be set aside, and reserved only his excep-
tion to the trial court's refusal to direct a verdict in his favor,
the point so reserved is the only one which can be considered on
appeal should the rule be discharged.

On appeal from a judgment entered in the Circuit Court of
Hudson county.

For the appellant, *William Hackett, Jr.* (*Charles E. S.
Simpson,* of counsel).

For the respondent, *Runyon & Autenreith.*

The opinion of the court was delivered by

WHITE, J.    This is an appeal from a judgment entered on
a verdict for the plaintiff in a suit on four promissory notes
of the defendant for $750 each, of which plaintiff admittedly
became a "holder in due course." The defence offered was
that, subsequently, certain new notes of defendant, amounting
to $4,500, and cash amounting to $500, were given and ac-
cepted in accord and satisfaction of the notes in question
(which, however, were not surrendered), and some nearly ten
thousand dollars of other notes and note endorsements of de-
fendant held by plaintiff. The answer of the plaintiff to this
defence was that the new notes and cash related to partial re-
newal and payment of some of the other note and endorsement

obligations of the defendant and had nothing to do with the notes in suit. There was testimony in substantiation of both contentions. The learned trial judge left the question of fact thus raised to the jury and they resolved it in favor of the plaintiff. Defendant took a rule to show cause why the verdict should not be set aside, reserving only his exception to the refusal of the trial court to direct a verdict in his favor.

The exception so reserved is therefore the only point before us, and for the reason above stated it is obviously without merit.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, JJ. 13.

*For reversal*—None.